**HOUSTON PIPE LINE COMPANY,**
Appellant,

v.

**D. O. PEDDY et al., Appellees.**

No. 12932.

Court of Civil Appeals of Texas.

Galveston.

June 7, 1956.

Rehearing Denied July 12, 1956.

Floyd Enlow Angleton, Blades, Kennerly & Whitworth, Newton M. Crain, Jr., and W. H. Blades, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Masterson, Williams & Smith and Fred L. Williams, Jr., Angleton, Williams, Lee & Kennerly and Thomas H. Lee, Houston, for appellees.

CODY, Justice.

This is an action to recover damages for perosnal injuries brought against the Hous-

ton Pipe Line Company by D. O. Peddy in the District Court of Brazoria County. Defendant's motions for directed verdict and for judgment notwithstanding the verdict were duly overruled; and upon the answers of the jury to special issues which convicted defendant of negligence which in turn the jury found proximately caused plaintiff's injuries, the court rendered judgment against defendant in the sum of $73,365. And upon the stipulation of the parties that in case judgment should be rendered against defendant, the court additionally rendered judgment against defendant for the further sum of $2,060, covering hospital, medical and doctor's expenses.

However, the compensation carrier for the Barry Construction Company, for which the plaintiff was working at the time he received his injuries, being the New Amsterdam Casualty Company, duly paid plaintiff or for his behalf the compensation benefits to which he was entitled. And said compensation carrier intervened in said suit seeking to recover out of any recovery of plaintiff the amount of the benefits which it had so paid out, together with attorney's fees. And the court awarded said intervenor the recovery of the compensation benefits for which it sued, together with $500 attorney's fees, to be taken out of such sum as plaintiff recovered.

In order to understand the points on which defendant predicates its appeal, it is here necessary to make the following statement: A three hundred foot section of defendant's transmission line, inclusive of a valve, which lay beneath a highway and railroad crossing near Liverpool, in Brazoria County, had become defective, and had to be replaced with new pipe and a valve. The pipe line consisted of 16 inch pipe, and, as indicated, it lay beneath the surface of the highway and railroad crossing and carried live gas to defendant's customers. In connection with making said repairs, it was necessary, among other things, for the Houston representatives of

defendant to notify its said customers residing in the towns on the other side from Houston from the place where the pipe had to be repaired when the gas and service would be cut, and when it would be restored. It was also necessary to remove the defective pipe from the earth and to replace it with new pipe. This required the use of special tools or equipment, and the service of men skilled in their use.

Among other equipment necessary to be used was a back hoe tractor to dig ditches and a "bellhole" (being the hole necessary to be dug in order to remove the defective pipe, and to install the new pipe). Also, among the tools to be used was a welding rig to cut and weld the pipe, and two large sideboom tractors, weighing 30,000 pounds each to lift and lower the pipe into the bellhole, and other special equipment not necessary to enumerate. The Barry Construction Company owned equipment fitted to removing the defective pipe and employed workers skilled in the use thereof, and said company specialized in doing such work.

At the time defendant learned of the 300 foot defective section in its pipe line, the Barry Construction Company happened to be doing work for the defendant which said company had obtained by competitive bidding. Said work was being done under a written contract, which expressly provided that the work was being done by the Construction Company as an independent contractor. The defendant asked the Construction Company if it cared to do the repair work to the defective section aforesaid, to have a man down at the place where the repairs were needed to be made, and there meet a foreman which defendant would send. At this conference, defendant's foreman marked on the ground the points between which the defective pipe extended and had to be replaced. The Construction Company then contracted with defendant to do the repair work on a cost-plus basis.

The plaintiff sought to hold defendant liable on the ground that though he was an employee of the Construction Company, which was engaged in removing a section of defective pipe for defendant at the time of the cave-in of the bellhole, he was under the supervisory control of defendant and that defendant was negligent in that defendant failed "to cause the banks or sides of the bellhole to be sloped," and alleged other acts of defendant also to be negligence, which proximately caused his injuries. Defendant, in substance, plead that plaintiff was an employee of the Construction Company, and that the Construction Company was an independent contractor, and that defendant exercised no control over the manner, means, modes and methods the Construction Company used in digging the bellhole and in moving and replacing the pipe line, etc.

Defendant predicates this appeal upon eight points. The first four points in effect complain that there was no evidence to justify the submission to the jury of fact issues, and, of course, complain that there was no evidence to support the following findings by the jury, to wit: (1) That the defendant retained the right of control over whether the sides of the bellhole should be sloped, (2) That defendant failed to cause the sides of the bellhole to be properly sloped, (3) That such failure was a proximate cause of the injuries received by plaintiff in the cave-in, (4) That defendant retained the right of control over whether the bellhole should have been braced or shored, (5) That the failure of defendant to shore or brace the sides of the bellhole was negligence, and (6) That such negligence was a proximate cause.

The undisputed evidence showed that a skilled employee of the Construction Company operated the back hoe machine which dug the bellhole. Such employee testified that the bellhole was properly constructed and no one could tell him how to construct such bellhole. The work on the project had been in progress for some four days when plaintiff, the general superintendent of the Construction Company, came down to the job to do the necessary welding. Plaintiff also testified that the bellhole was properly constructed. Indeed, plaintiff's attorneys admit in their brief that the bellhole as it was constructed by the Construction Company's aforesaid skilled employee, was properly constructed. But as we understand said counsel, it is their position that defendant should nevertheless have foreseen that the large boom tractors would have been moved too close to the bellhole, and so should have sloped the sides. However, plaintiff testified that the cave-in was not due to the manner in which the bellhole was constructed.

We digress here to repeat that the contract between defendant and the Construction Company did not mention or provide for the construction of a bellhole; that the bellhole was a means adopted by the Construction Company to enable it to lift and remove such pipe and to lower new pipe in its place.

We deem it clear from the undisputed evidence that the manner in which the bellhole was constructed was at most the condition under which the cave-in happened and was not itself the cause thereof. The plaintiff himself testified that it was the movement of the Construction Company's two sideboom tractors, each weighing 30,000 pounds, and which the Construction Company used to lift and lower the pipe, which caused the cave-in by moving too close to the side of the bellhole. Said sideboom tractors were part of the equipment used by the Construction Company to perform its obligations under the contract and the same were operated by its employees who were skilled in their operation.

■ Plaintiff urges that there is evidence that defendant's foreman wanted the foreman of the Construction Company to have the second sideboom tractor moved down to assist the first sideboom tractor in removing an obstacle. If it be conceded

that this is true, indeed, if we go further and concede that defendant's foreman had the authority to request such movement of the second sideboom tractor, and we do not so find, it could not have been negligence on the part of the defendant's foreman to suggest or request or even to order that the second sideboom tractor be moved down to assist the first such tractor. Sideboom tractors do not move along a fixed path or move on a track but move where the operator chooses to have them move. In this case, both sideboom tractors were being operated by employees of the Construction Company. So, if movements of the tractors caused the bellhole to cave in, the responsibility therefor is chargeable to the Construction Company.

■ Plaintiff has conceded that, generally speaking, the Construction Company (plaintiff's employer) performed the job as an independent contractor. Here we inject a definition of "independent contractor" which has been approved and adopted by our Supreme Court, namely, " 'A contractor is any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details. The true test of a contractor would seem to be that he renders service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished.' " Shannon v. Western Indemnity Co., Tex.Com.App., 257 S.W. 522, 524. But plaintiff here contends that his employer was not operating as an independent contractor relative to the sloping or shoring of the sides of the bellhole. One position taken by plaintiff is that the defendant "retained the right of control over whether the sides of the bellhole should have been sloped," etc. As stated before, there was concededly nothing in the contract relating to any bellhole and the same was constructed by the Construction Com-

pany to serve its own purpose and convenience in removing and replacing pipe; but the contract, as stated before, was let on a cost-plus basis and plaintiff would argue from that fact that defendant had retained authority to cause and require the Construction Company to take such steps as would hasten the completion of the job and to refrain from taking any steps which might delay the completion of the job. As we understand the evidence, had the sides been sloped or shored, as plaintiff contends should have been done, such would have taken some 15 minutes; and plaintiff further argues, if we understand him correctly, that the occasion to do this work on the side of the bellhole arose when the sideboom tractors were moved too close to the ditch.

■ There is no evidence, in our opinion, to support the jury findings of any retention of the right to control the construction of the bellhole to support any judgment of liability against defendant. This contention of plaintiff, in the final analysis, boils down to a claim that in going onto defendant's premises and into that portion thereof where the bellhole was dug, plaintiff occupied the status of defendant's invitee and that defendant as the owner of the premises was under the duty to protect plaintiff against any dangers or perils on the premises of which defendant had a superior knowledge, or should have had superior knowledge, to that of plaintiff. That principle of law is not applicable here. The undisputed evidence is that the Construction Company went into possession of the premises for the purpose of removing defective pipe and replacing it with new pipe, and further that the Construction Company, by the use of its own equipment which was operated by its own employees, made all the alterations which were made on the premises and which changed it from the condition in which it was when the Construction Company took charge.

What we have said above requires that the judgment of the court below be re-

versed, and here rendered for defendant that plaintiff and intervenor take nothing by their suit.

The parties have discussed matters which, however interesting, need not be here noticed since judgment has here been rendered for defendant.

Reversed and rendered.